Dear Mr. Bullers:
This responds to your request for an opinion concerning a proposal for the Bossier Parish Police Jury to adopt an ordinance permitting controlled vehicular access to public residential streets.
You advise that the City of Shreveport enacted a similar ordinance and have attached a copy of that ordinance, which we find to be generally well written and straight forward in its approach to regulation of this area. Recently, we received a similar request from the Jefferson Parish Attorney, which has resulted in Opinion Number 95-101, copy attached.
As we understand the proposal, it generally follows the ordinance adopted by the City of Shreveport and would allow 100% of the property owners within an area or subdivision to petition to construct a gate to restrict vehicular access to a certain residential street or area. As in the case of Opinion Number 95-101, the basic legal issue presented is as follows:
May a street be legally gated upon petition of 100% the property owners of the area to be affected, limiting access and use by the public at large?
While we have been unable to find any specific legal authority for the "gating" of public streets, under La. R.S.48:701, there is existing legal authority for local governing authorities to "revoke and set aside the dedication of all roads, streets and alleyways laid out and dedicated to public use." This may be undertaken when such streets "have been abandoned or are no longer needed for public purposes."
It is not legally sufficient for the owners of land within the subdivision to petition to have the streets(s) blocked by gates without formal action of the governing authority to do so.
There are two basic conditions to the use of La. R.S.48:701, namely, that first, the governing body must formally declare that the street(s) is no longer needed for public purposes, and, secondly, a similar declaration by the governing body that the dedication of the street to public purposes is revoked. See Robinson v. Beauregard Parish Police Jury,351 So.2d 113 (La. 1977), and Coliseum Square Association v.City of New Orleans, 544 So.2d 351 (La. 1989). InColiseum Square Association, supra, the Louisiana Supreme Court held that the City of New Orleans, as a home-rule entity, as in the case of Jefferson Parish had the constitutional authority to govern its own affairs and could declare a street to be no longer needed for public purposes even though it was actually being so used. Justice Marcus stated as follows:
 The mere fact that the street is being used by the public does not mean that it is "needed" for public purposes, * * * it is the duty of the Council, after reviewing and weighing the evidence presented, to determine whether discontinuance of the present use and any inconvenience resulting therefrom would outweigh whatever benefits would flow from the closure of the street. [At page 360.]
Upon the revocation of dedication, ownership of the land area beneath the formerly public street goes to the contiguous landowners "up to the center line thereof."
As regards the specific issue of whether a street may be "gated" simply upon petition of the owners of the land thereby affected, we must answer in the negative. However, upon compliance with the procedures discussed above, the governing authority could take appropriate action to accomplish this purpose.
It should be noted R.S. 48:511, prohibits any "person from turning, offering or changing any public road except upon order of the governing authority, and R.S. 14:100.1 prohibits any "person" from willfully obstructing any "public sidewalk, street, highway, bridge, alley, road or other passageway * * *.
Read together, these provisions logically lead to the conclusion that the governing authority of the parish may take the authorized action for a public purpose, but pursuant to the cited statutory provisions and not merely upon petition of the subdivision owners making a request for closure. I hope this opinion is of value to you and if we may be of further assistance, please let us. know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ GARY L. KEYSER Assistant Attorney General